**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ARTHUR WASHINGTON, | Civil No.  07-4523 (NLH) |
| Petitioner, |  |
| v. | **OPINION** |
| WARDEN PAUL SCHULTZ, |  |
| Respondent. |  |

**APPEARANCES:**

> ARTHUR WASHINGTON, Petitioner pro se
> # 12860-007
> F.C.I. Fairton
> P.O. Box 420
> Fairton, New Jersey 08320
>
> Christopher J. Christie, United States Attorney
> Paul A. Blaine, Assistant U.S. Attorney
> Camden Federal Building and U.S. Courthouse
> 401 Market Street, P.O. Box 2098
> Camden, New Jersey  08101
> Attorneys for Respondent

**HILLMAN, District Judge**

Petitioner, Arthur Washington ("Washington"), a federal prisoner confined at F.C.I. Fairton in Fairton, New Jersey, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking educational good time credit against the custodial sentence he is currently serving.  The named respondent is the Warden, Paul Schultz, at F.C.I. Fairton.

On January 11, 2008, respondent submitted an answer to the petition with the relevant administrative record.  Petitioner has

not replied or filed any objections thereto.  This Court has reviewed the written submissions of the parties, and for the reasons stated below, the Court will deny the petition.

## I.   BACKGROUND

Washington had been sentenced on July 13, 1999 to serve a term of probation pursuant to a robbery conviction in the Superior Court of the District of Columbia.  On July 10, 2000, his probation was revoked and Washington was sentenced on October 9, 2001 to serve a custodial term of two to nine years <u>nunc pro tunc</u> to July 13, 1999, the date of his original probation sentence.  (<u>See</u> Respondent's Declaration of Jeffrey R. Johnson ("Johnson Decl.") at ¶ 3, Exhibits (a) and (b)).

In 2001, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub.L. No. 105-33, § 11201, 111 Stat. 712, 734 (effective August 5, 1997), and D.C. Code § 24-101, Washington's custody was transferred to the Federal Bureau of Prisons ("BOP").  On May 10, 2001, the BOP designated the Greenville Correctional Center ("GCC") as the place of Washington's confinement. The GCC was then a BOP contract facility operated by the Virginia Department of Corrections.  Washington was confined at GCC from May 10, 2001 through September 17, 2002. (Johnson Decl., ¶ 3 and Ex. (c)). Washington received jail credits for the periods of December 28, 1999, and June 8, 2000 to July 9, 2000.  His parole eligibility

date was June 6, 2001 on the minimum term, and his mandatory release date was June 6, 2008 on the maximum term.  Washington was released on parole on January 23, 2003, with 1961 days remaining to be served on his maximum term.  (Johnson Decl., ¶ 4, Ex. (a) and Certificate of Parole, attachment 1 to respondent's answer).

   A warrant for Washington's arrest was issued on April 28, 2003, upon the application of the United States Parole Commission ("USPC").  The USPC charged that Washington had violated his parole by using cocaine, failing to submit to drug testing, failing to report for community supervision, and failing to report a change in residence.  On March 9, 2004, the USPC issued a second warrant, charging Washington with violating parole as a result of his participation in a murder in the District of Columbia on January 19, 2004.  Washington was arrested on March 10, 2004, in New Jersey, and charged with resisting arrest, receiving stolen property, unauthorized use of a vehicle, and a felon in possession of a weapon.  (Johnson Decl., ¶¶ 5-6, Exhibits (d) and (e)).

   On October 28, 2005, Washington pled guilty to the charge of accessory after the fact to murder in the Superior Court of the District of Columbia, and he was sentenced to serve a custodial term of three years with three years of supervised release, concurrent with charges by New Jersey or any other jurisdiction.

Washington was released from this custodial sentence on September 20, 2006, and was then taken into custody pursuant to his warrants for parole violations. (Johnson Decl., ¶ 6, Exhibits (a) and (f)).

In a Notice of Action dated April 4, 2007, the USPC revoked Washington's parole and declined any credit for time spent on parole to be applied to his robbery sentence, pursuant to D.C. Code § 24-406(a). Washington was given a presumptive parole date of June 8, 2010, after 76 months of service. The USPC amended the April 4, 2007 Notice of Action on July 31, 2007, to change Washington's presumptive parole date to October 8, 2008, after 56 months of service. Washington's current maximum term or mandatory release date is February 1, 2012. (Johnson Decl., ¶ 7, Exhibits (a), (g) and (h)).

## II.   CLAIMS PRESENTED

Washington seeks educational good time credit for the time he was confined at the Greenville Correctional Center in Jarrett, Virginia, where he alleges that he successfully completed a General Educational Development ("G.E.D.") program. Washington claims that the BOP has never awarded him this District of Columbia educational good time credit ("DCEGT"). Washington also alleges that he exhausted his administrative remedies before bringing this federal habeas action. The attachments provided by

4

Washington with his petition shows exhaustion of administrative remedies, and respondent does not contest the issue.

However, respondent does contend that there is no basis to award the DCEGT, and therefore, the petition should be denied.

### III.  ANALYSIS

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because Washington is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."

5

Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date).  See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

Accordingly, this Court has subject matter jurisdiction under § 2241 to consider this matter since Washington does not challenge the imposition of the sentence, but instead challenges the execution of the sentence based on the BOP's alleged error in not giving him credit against his federal sentence for allegedly completing his G.E.D. for educational good time credit, and because Washington was confined in New Jersey at the time he filed his petition.  See Vega v. United States, 493 F.3d 310, 313 (3d Cir. 2007)(challenge to BOP's failure to give credit for time served prior to federal sentencing is cognizable under § 2241); See Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991) (challenge to BOP's refusal to decide whether to designate state prison as a place of federal confinement); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998).

6

B.  <u>D.C. Educational Good Time Credit</u>

Under D.C. Code § 24-221.01, D.C. inmates may be eligible for D.C. educational good time ("DCEGT") as credit against their sentences.  <u>See</u> 28 C.F.R. § 523.30 <u>et seq</u>.  To qualify for DCEGT, the D.C. inmate: (a) must be incarcerated in a BOP institution or a BOP contract facility; (b) must be serving a prison term for a D.C. criminal code violation committed before August 5, 2000; (c) must have his Unit Team approve or design a plan for the inmate to complete a program designated by the BOP as eligible for DCEGT; (d) must have successfully completed a BOP designated education program on or after August 5,1997; and (e) must not have violated any prison disciplinary rule while enrolled in the program.  28 C.F.R. §§ 523.31(a) through (e).  A D.C. inmate may earn up to 5 days DCEGT per month for each month he is enrolled in a designated program, up to the maximum amount designated by the BOP for the type of program successfully completed.  28 C.F.R. §§ 523.32(a), (b).  However, the inmate is not eligible for DCEGT if an award would make the inmate past due for release. 28 C.F.R. § 523.32(d).

Under D.C. Code § 24-221.01(b), any credits awarded are to be applied against the D.C. inmate's "minimum term of imprisonment to determine the date of eligibility for release on parole[,] and to the [inmate's] maximum term of imprisonment to determine the date when release on parole becomes mandatory."

7

<u>Id</u>.  If the D.C. inmate has been convicted of robbery, he may not have his minimum sentence reduced by more than 15% through the application of DCEGT credit.[1]  <u>Id</u>.

In this case, Washington claims that he had obtained a G.E.D. certificate from the Virginia Department of Education while he was confined at GCC in Jarrett, Virginia.  A copy of the certificate is attached to the petition and is dated October 15, 2001.  The BOP states that there is no record that Washington participated in a BOP designated educational program while confined at GCC, nor do petitioner's records show that the GCC officials awarded Washington DCEGT credit.  (Johnson Decl., ¶ 8).

C. <u>No Proof of Participation in BOP Designated Program</u>

The record provided by respondent does not show that Washington participated and completed a designated BOP educational program while confined at a BOP institution or a BOP contract facility, as required under 28 C.F.R. §§ 523.31(a) and(c).  Washington only shows a GED certificate, dated October 15, 2001, issued by the Virginia Department of Education.

Consequently, without verification that the G.E.D. program completed by Washington was a BOP designated educational program, Washington is ineligible for DCEGT credit under 28 C.F.R. § 523.31(c).  Moreover, respondent points out that the notice of official results issued by Virginia Department of Education

---

[1] Washington's initial conviction in 1999 was for robbery.

regarding Washington's G.E.D. tests shows an address at "14545 Old Belfield Rd. DCE, Capron, VA 23820," which is the location of another state correctional institution, Southampton Correctional Center, and not the Greenville Correctional Center. (Respondent's brief at p. 7, fn 3).

Therefore, Washington is not eligible for DCEGT credits pursuant to 28 C.F.R. §§ 523.31(a) and (c).

D.  <u>Petitioner Forfeited His Educational Credits</u>

Finally, respondents argue that Washington is not entitled to DCEGT credit because the G.E.D. was earned before he was returned to BOP custody on a revocation of parole. Washington was arrested on parole violations in April 2003 and March 2004. He was taken into custody on the parole violations on September 20, 2006. On or about April 4, 2007, his parole was revoked and the USPC set Washington's presumptive parole date at June 8, 2010, after the service of 76 months in prison. Thus, because his parole violator term is regarded as a new sentence, Washington can receive good time credit only if earned after his return to custody. <u>See</u> D.C. Code § 24-406(a).

Under D.C. Code § 24-406(a), when parole has been revoked, and unless subsequently reparoled, an inmate "shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. For the purpose of computing commutation for good

9

conduct, the remainder of the sentence originally imposed shall be considered as a new sentence." Therefore, Washington forfeited his DCEGT credits because they were earned in 2001, before he was returned to BOP custody on his parole violations in 2006. He can only apply good conduct credit earned after his return to BOP custody. Accordingly, this habeas petition will be denied.

## **CONCLUSION**

Based on the foregoing, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby denied. An appropriate Order accompanies this Opinion.

 s/Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: May 21, 2008

At Camden, New Jersey